## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Case No. |
| | § | |
| L-3 COMMUNICATIONS | § | |
| MOBILE-VISION, INC. | § | |
| | § | |
| *Defendant.* | § | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff John B. Adrain ("Adrain") brings this action against defendant L-3 Communications Mobile-Vision, Inc. ("L-3"), and alleges:

### THE PARTIES

1.      Adrain is an individual residing in Spokane County, Washington.  Adrain is the inventor of and owns the entire right, title, and interest in the patent at issue in this case.

2.      On information and belief, L-3 is a corporation organized and existing under the laws of New Jersey, having a place of business at 10860 Switzer Ave, Dallas, TX 75238, and is doing business in this district.  L-3 has designated its registered agent for purposes of service of process in Texas as C T Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201-4234.

### JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

4.      Subject-matter jurisdiction over Adrain's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

5.      On information and belief, L-3 is subject to personal jurisdiction in this judicial district as it has sufficient minimum contacts with this judicial district as a result of business conducted within the State of Texas and within this judicial district; it has placed its allegedly infringing products as identified below into the stream of commerce throughout the United States with the expectation that they will be used by consumers in this judicial district; and/or it has promoted and advertised its allegedly infringing products to potential customers within this judicial district through its web site www.mobile-vision.com, including providing a downloadable brochure from its web site that promotes at least one of its allegedly infringing automatic license plate recognition systems.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

### PATENT INFRINGEMENT

7.      Adrain realleges and incorporates by reference the allegations in paragraphs 1-6.

8.      On November 3, 1998, U.S. Patent No. 5,831,669 ("the '669 patent"), entitled "Facility Monitoring System with Image Memory and Correlation," was duly and legally issued to the inventor, John B. Adrain.  A Reexamination Certificate for the '669 patent issued on August 21, 2012.  A true and correct copy of the '669 patent with the Reexamination Certificate is attached hereto as Exhibit A.  Adrain owns all right, title and interest in the '669 patent, including the right to sue for and recover all past, present and future damages for infringement of the '669 patent.

9.      The '669 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10.     Upon information and belief, L-3, either alone or in conjunction with others, has in the past and continues to directly infringe, contribute to infringement, and/or induce infringement of the '669 patent by making, using, testing, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, monitoring systems that are covered by one or more of the claims of the '669 patent, including automatic license plate recognition systems and/or devices, such as at least L-3's "AlertVU" automatic license plate recognition system (hereinafter the "Accused Products").   L-3 is liable for infringement of the '669 patent pursuant to 35 U.S.C. § 271.

11.     Upon information and belief, L-3 indirectly infringes one or more claims of the '669 patent in violation of 35 US.C. § 271(b) by taking active steps with specific intent to encourage, facilitate and induce end users of its Accused Products to directly infringe one or more claims of the '669 patent through their use of the Accused Products ("End Users") in accordance with L-3's instructions.   Examples of L-3's active steps of inducement with specific intent to induce direct infringements by its End Users include statements on its web site (www.mobile-vision.com) and providing a downloadable brochure from its web site that promotes its accused "AlertVU" automatic license plate recognition system.   L-3 engages in such intentional acts of inducement knowingly and, at least from the time of receipt of the present Complaint, has done so with knowledge that such activity encourages and induces End Users to use Accused Products to directly infringe the '669 patent.

12.     Upon information and belief, L-3 indirectly infringes one or more claims of the '669 patent in violation of 35 US.C. § 271(c), through its acts of contributory infringement by offering to sell and selling its Accused Products to End Users, while knowing or willfully blind to the facts that

the Accused Products constitute a material part of the invention as claimed in the '669 patent, were especially made or especially adapted for use in an infringement of the '669 patent, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and that use of the Accused Products by End Users results in direct infringement of one or more claims of the '669 patent.

13.    L-3's acts of infringement have caused damage to Adrain, and Adrain is entitled to recover from L-3 the damages sustained by Adrain as a result of L-3's wrongful acts in an amount subject to proof at trial.

14.    As a consequence of the infringement complained of herein, Adrain has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless L-3 is enjoined by this Court from committing further acts of infringement.

### PRAYER FOR RELIEF

WHEREFORE, Adrain prays for entry of judgment that:

A.    L-3 has infringed, contributed to infringement of, and/or induced infringement of the '669 patent;

B.    L-3 account for and pay to Adrain all damages caused by its infringement of the '669 patent;

C.    Adrain be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining L-3 and its officers, agents, servants, employees and those persons in active concert or participation with it from further acts of patent infringement;

**D.**     Adrain be granted pre-judgment and post-judgment interest on the damages caused to him by reason of defendant L-3's patent infringement;

**E.**     Adrain be granted his reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

**F.**     Costs be awarded to Adrain; and,

**G.**     Adrain be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Dated:  June 7, 2013                     By:     /s/   Elizabeth L. DeRieux
                                                 John T. Polasek
                                                 State Bar. No. 16088590
                                                 tpolasek@pqelaw.com
                                                 C. Dale Quisenberry
                                                 State Bar No. 24005040
                                                 dquisenberry@pqelaw.com
                                                 Jeffrey S. David
                                                 State Bar No. 24053171
                                                 jdavid@pqelaw.com
                                                 POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
                                                 6750 West Loop South, Suite 920
                                                 Bellaire, Texas 77401
                                                 Telephone: (832) 778-6000
                                                 Facsimile: (832) 778-6010

                                                 Otis W. Carroll
                                                 State Bar No. 03895700
                                                 nancy@icklaw.com
                                                 Deborah Race
                                                 State Bar No. 16448700
                                                 fedserve@icklaw.com
                                                 IRELAND, CARROLL & KELLEY, P.C
                                                 6101 S. Broadway, Suite 500
                                                 P.O. Box 7879
                                                 Tyler, Texas 75711
                                                 Telephone: (903) 561-1600
                                                 Facsimile: (903) 581-1071

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Russell R. Smith
State Bar No. 18682310
rsmith@fairchildlawfirm.com
FAIRCHILD, PRICE, HALEY, & SMITH, L.L.P.
1801 North Street
Nacogdoches, Texas 75963-1668
Telephone:  (936) 569-2327
Facsimile:  (936) 569-7932

ATTORNEYS FOR PLAINTIFF